**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| SMOOTHAIR INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,<br><br>Defendant. | CASE NO. 1:26-CV-582-HAB-ALT |

**OPINION AND ORDER**

Plaintiffs SmoothAir Inc., Form-A-Funnel, Inc., and Kevin Lohmeier ("Plaintiffs") have filed this lawsuit pursuing several intellectual property claims against a long list of Defendant groups identified in an exhibit titled "Schedule A." (ECF 1, 5). Plaintiffs have also moved for leave to file five exhibits under seal:

(1) Schedule A to the Complaint, which lists the Defendants by their Seller Aliases;
(2) Exhibit 1 to the Complaint, which contains the IP certificates;
(3) Motion for Electronic Service and Memorandum in Support of Motion as well as the declarations in support of the motion, which includes Defendant's information;
(4) Plaintiff's Motion and Brief in Support of Plaintiff's *Ex Parte* Request for an Emergency Temporary Restraining Order; and
(5) The Declaration of Kevin F. Lohmeier in support of the motion and associated exhibits, which will be filed in support of Plaintiff's forthcoming motion for entry of a temporary restraining order, which includes screenshots showing the e-commerce stores operating under the Seller Aliases.

(ECF 6).

The motion will be GRANTED IN PART and DENIED IN PART. The Court finds that good cause exists to seal Schedule A. But Plaintiffs have not yet given the Court sufficient information to permit filing an *ex parte* motion for a temporary restraining order ("TRO") without

notice to the Defendants or to seal Exhibit 1, the motion for electronic service, and the declaration of Kevin Lohmeier.

Federal Rule of Civil Procedure 65(b) permits a motion to be filed without written or oral notice to the adverse party. But that can only happen if Plaintiffs (1) provide specific facts in an affidavit or a verified complaint which show that immediate and irreparable injury, loss, or damage will result if the Defendants can be heard and (2) their attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b).

Plaintiffs have satisfied the second requirement of Rule 65(b), but not the first. The written explanation in Plaintiffs' motion for leave provides perfectly good reasons for filing a TRO motion *ex parte*. But Rule 65(b) also requires an affidavit or verified complaint attesting to the irreparable harm that would justify an *ex parte* motion. Plaintiffs' complaint in this case is not a verified complaint. And though they move for leave to file a declaration under seal, they have not filed that declaration along with the motion for leave in any way. While that declaration may satisfy Rule 65(b)'s affidavit requirement in the end, the Court cannot evaluate what it cannot see. Therefore, the Court cannot yet grant leave to file the *ex parte* TRO motion.

Two of the remaining three filings—the motion for electronic service with associated documents and the Declaration of Keith F. Lohmeier with associated documents—have also not been filed with the Court in any way. Sealing these filings may well be appropriate. But the Court cannot say so without being able to see the filings for itself. Plaintiffs must file these documents with the Court before it can bless their sealing. Plaintiffs are fully capable of filing exhibits under seal pending resolution of a motion for leave to file under seal, as they did just that with Schedule A. (ECF 5).

That leaves Exhibit 1, which merely contains trademark and copyright certificates for Form-A-Funnel. (ECF 1-1). The Court understands these documents to be publicly available. *Search Copyright Records: Copyright Public Records Portal*, U.S. COPYRIGHT OFFICE, https://www.copyright.gov/public-records/ (last visited Nov. 16, 2026); *Search our trademark database*, USPTO, https://www.uspto.gov/trademarks/search (last visited Nov. 16, 2026). Further, Plaintiffs' motion for leave articulates no specific basis why this information should be sealed; it solely focuses on why it should be allowed to seek *ex parte* relief. Thus, the Court sees no reason why Exhibit 1 should be kept from public view.

For these reasons, Plaintiffs' Motion for Leave to File Documents Under Seal (ECF 6) is GRANTED IN PART as to Schedule A. It is DENIED IN PART as to the Motion and Brief in Support of Plaintiff's *Ex Parte* Request for an Emergency Temporary Restraining Order, Exhibit 1, the motion for electronic service with associated documents, and the Declaration of Keith F. Lohmeier with associated documents. This denial is without prejudice.

**SO ORDERED** on November 16, 2026.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT